AARON D. FORD
  Attorney General
GERRI LYNN HARDCASTLE, Bar No. 13142
  Deputy Attorney General
State of Nevada
Public Safety Division
100 N. Carson Street
Carson City, NV 89701-4717
Tel: (775) 684-1134
E-mail: ghardcastle@ag.nv.gov

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DAVID BURNS,<br><br>            Plaintiff,<br><br>vs.<br><br>TASHEENA SANDOVAL, et al.,<br><br>            Defendants. | Case No. 3:18-cv-00086-MMD-CBC<br><br>**DEFENDANTS' MOTION FOR ENLARGEMENT OF TIME TO SUBMIT CONFIDENTIAL EARLY MEDIATION CONFERENCE STATEMENT**<br>**(First Request)** |

Defendants, by and through counsel, Aaron D. Ford, Attorney General of the State of Nevada, and Gerri Lynn Hardcastle, Deputy Attorney General, hereby move this Court to enlarge the time for them to submit their Confidential Early Mediation Conference Statement

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    RELEVANT PROCEDURAL HISTORY**

This is a *pro se* civil rights action pursuant to 42 U.S.C. § 1983. ECF No. 19 at 1. Plaintiff, David Burns, is an inmate in the lawful custody of the Nevada Department of Corrections (NDOC). *Id.* This Honorable Court screened Plaintiff's amended complaint and permitted certain claims to proceed. ECF No. 18. The Court also stayed this case for ninety (90) days for settlement negotiations, referred the matter to the Inmate Early Mediation Program, and ordered the Office of the Attorney General (OAG) to file a report at the end of the stay. *Id.* at 12:26-13:8. According to the calculations of Defendants' counsel, the stay is scheduled to end and the report must be filed today.

///

1

In addition to the instant case, Plaintiff has filed two (2) other cases against NDOC employees: case number 3:18-cv-0231-MMD-WGC and 2:19-cv-0218-RFB-PAL. To date, these cases have not been screened. In an effort to resolve all three (3) of Plaintiff's cases as expeditiously as possible, this Court scheduled Plaintiff's cases for an early mediation conference (EMC) on Tuesday, June 25, 2019. ECF No. 23 at 1:26-28. Defendants' confidential early mediation conference statement is therefore due today. *Id.* at 4:26-6:8.

Unfortunately, the Litigation Division of the Office of the Attorney General is currently severely short-staffed. This has placed an insurmountable burden on the attorneys remaining in the division, including Defendants' counsel. Defendants and their counsel therefore respectfully request that this Honorable Court allow them up to and including 2:00 p.m. on Friday, June 21, 2019, to submit their statement.

## II. LEGAL STANDARD

District courts have inherent power to control their dockets. *Hamilton Copper & Steel Corp. v. Primary Steel, Inc.*, 898 F.2d 1428, 1429 (9th Cir. 1990); *Oliva v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992). Fed. R. Civ. P. 6(b)(1) governs enlargements of time and provides as follows:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

"The proper procedure, when additional time for any purpose is needed, is to present to the Court a timely request for an extension before the time fixed has expired (*i.e.*, a request presented before the time then fixed for the purpose in question has expired)." *Canup v. Miss. Valley Barge Line Co.*, 31 F.R.D. 282, 283 (D. Pa. 1962). The *Canup* Court explained that "the practicalities of life" (such as an attorney's "conflicting professional engagements" or personal commitments such as vacations, family activities, illnesses, or death) often necessitate an enlargement of time to comply with a court deadline. *Id.* Extensions of time "usually are granted upon a showing of good cause, if timely made." *Creedon v. Taubman*, 8 F.R.D. 268, 269 (D. Ohio 1947). The good cause standard considers a party's diligence in seeking the continuance or extension. *See, e.g., Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

2

## III. DISCUSSION

Here, Defendants' confidential early mediation conference statement is due today, but counsel is unable to complete the statement due to the recent, dramatic increase in her workload. Her current workload constitutes good cause for the requested enlargement, and counsel does not anticipate that submitting the statement on Friday afternoon will compromise the conference in any fashion.

## IV. CONCLUSION

Accordingly, Defendants respectfully request this Honorable Court grant their motion and enlarge the time for counsel to submit Defendants' Confidential Early Mediation Conference Statement to Friday, June 21, 2019, at 2:00 p.m.

DATED this 18th day of June, 2019.

AARON D. FORD
Attorney General

By: _____
GERRI LYNN HARDCASTLE, Bar No. 13142
Deputy Attorney General

*Attorneys for Defendants*

IT IS SO ORDERED
_____
U.S. MAGISTRATE JUDGE
DATED: 6/20/2019

# CERTIFICATE OF SERVICE

I certify that I am an employee of the Office of the Attorney General, State of Nevada, and that on this 18th day of June, 2019, I deposited for mailing a true and correct copy of the foregoing, **DEFENDANTS MOTION FOR ENLARGEMENT TIME TO SUBMIT CONFIDENTIAL EARLY MEDIATION CONFERENCE STATEMENT**, to the following:

DAVID BURNS #1139521
HIGH DESERT STATE PRISON
P.O. BOX 650
INDIAN SPRINGS, NV 89070

_____
An employee of the
Office of the Attorney General

4