___ FILED     ___ RECEIVED
___ ENTERED   ___ SERVED ON
         COUNSEL/PARTIES OF RECORD

MAR 2 0 2020

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DAVID BURNS,

    Plaintiff,

v.

TASHEENA SANDOVAL, et al.,

    Defendants.

Case No. 3:18-cv-00086-MMD-CLB

**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**[1]

Before the court is Plaintiff David Burns's ("Burns") motion for leave to file a second amended complaint (ECF No. 51), his motion for leave to file a third amended complaint (ECF No. 64), and his second request for leave to file a third amended complaint (ECF No. 65). Defendants did not file a response or opposition to any of the motions. For the reasons stated below, the court recommends that the motion for leave to file a third amended complaint (ECF No. 64) be granted and the motion for leave to file a second amended complaint and second request for leave to file a third amended complaint (ECF Nos. 51, 65) be denied as moot.

I.     **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Burns is an inmate in the custody of the Nevada Department of Corrections ("NDOC"). On February 23, 2018, Burns filed a civil rights complaint pursuant to 42 U.S.C. § 1983 for events that occurred while Burns was incarcerated at the Ely State Prison ("ESP"). (ECF No. 1-1.) The District Court entered a screening order on Burns's amended complaint (ECF No. 19), allowing Burns to proceed with the following claims: (1) Count I, failure to protect claim against Defendants Sandoval, Clark, Gittere, Byrne, Underwood, Hammel, Romero, and Hollingsworth; (2) Count II, retaliation claim against

---

[1] This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice IB 1-4.

Defendants Sandoval, Clark, Gittere, Byrne, Underwood, Hammel, Romero, Hollingsworth, and Travis; and (3) Count III, equal protection claim against Defendants Sandoval, Clark, Romero, Hollingsworth, Hammel, Underwood, Byrne, Gittere, and Travis.[2] (ECF No. 18.)

On September 30, 2019, Burns filed a motion request for leave to file a second amended complaint, which sought to dismiss Count III of his amended complaint because the claim was unexhausted. (*See* ECF No. 51.) On October 21, 2019, Burns filed a third amended complaint, which again did not include Count III and was virtually identical to the proposed second amended complaint. (ECF No. 55.) On December 5, 2019, Burns filed his motion for leave to file a third amended complaint, which again sought to amend his complaint by dismissing Count III and clarifying his Count I and Count II claims. (ECF No. 64.) Finally, on December 5, 2019, Burns filed a second request to file his third amended complaint asking that his third amended complaint be filed. (ECF No. 65.) Defendants have not filed any response or opposition to the pending motions.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) instructs that "[t]he court should freely give leave [to amend a pleading] when justice so requires," and there is a strong public policy in favor of permitting amendment. *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999). The Ninth Circuit has made clear that Rule 15(a) is to be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (*per curiam*). Under Rule 15(a), courts consider various factors, including: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) the futility of the amendment; and (5) whether the plaintiff has previously amended her complaint. *See id.* at 1052. The factors do not weigh equally; as the Ninth Circuit has explained, prejudice receives

---

[2]  Burns also named Healer as a defendant in his complaint. However, the claims against Healer were dismissed pursuant to Fed. R. Civ. P. 4(m), as service was not effectuated. (*See* ECF No. 78.)

greatest weight. *See id.* Defendants bear the burden of establishing prejudice, and absent its presence or a "strong showing" under the other factors, there is a presumption in favor of permitting amendment. *Id.* (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186-87 (9th Cir. 1987)).

When considering prejudice, the court may weigh against the movant the amended pleading's great alteration of the litigation's nature and its effect of requiring an entirely new course of defense. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Alone, such alteration is not fatal. *Id.* In contrast, futility "alone can justify the denial of a motion for leave to amend." *Nunes v. Ashcroft*, 375 F.3d 805, 809 (9th Cir. 2003). Futility arises when the amendment is legally insufficient, *Miller v. Rykoff-Sexon, Inc.*, 845 F.3d 209, 214 (9th Cir. 1988), or "where the amended complaint would . . . be subject to dismissal[,]" *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998).

### III. DISCUSSION

Burns moves to amend his complaint for the purpose of dismissing his Count III equal protection claim due to it being unexhausted. No response or opposition was filed by Defendants. The court finds that the motion to file a third amended complaint (ECF No. 64) should be granted, as the above factors weigh in Burns's favor.

First, rather than bad faith, the record demonstrates that Burns is acting in good faith to amend his complaint to dismiss an unexhausted claim and correct purported deficiencies as to his Count I failure to protect claim and Count II retaliation claim. Second, pursuant to the scheduling order, amendments to pleadings or motions for leave to amend were to be filed by November 8, 2019. (*See* ECF No. 46). Burns filed his initial motion for leave to file an amended complaint on September 30, 2019 and his third amended complaint on October 21, 2019. (ECF Nos. 51, 55.) Therefore, the court finds that Burns did not delay in seeking amendment.

Third, Defendants are not prejudiced by the amendment, as it merely seeks to dismiss an unexhausted claim and clarify the remaining claims. Theob court does not

find that the amended complaint greatly alters the litigation's nature or requires an entirely new course of defense. *Morongo Band of Mission Indians,* 893 F.2d at 1079. Therefore, the court does not find defendants prejudiced by amendment.

Fourth, the court does not find amendment to be futile because amendment here is proper to dismiss an unexhausted claim and obliviates the need for Defendants to file a dispositive motion seeking to dismiss the claim based on a failure to exhaust. Finally, while Burns has previously amended his complaint, it has remained virtually identical throughout the course of the litigation. In sum, the court finds that the above factors each weigh in Burns's favor, and therefore, the court concludes that amendment is proper.

## IV. CONCLUSION

Based on the foregoing, the court recommends that Burns's motion for leave to file a third amended complaint (ECF No. 64) be granted, and the motion for leave to file a second amended complaint (ECF No. 51) and second request for leave to file a third amended complaint (ECF No. 65) be denied as moot. The parties are advised:

1. Pursuant to 28 U.S.C § 636(b)(1)(C) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Burns's motion for leave to file a third amended complaint (ECF No. 64) be **GRANTED**;

**IT IS FURTHER RECOMMENDED** that the Clerk **FILE** Burns's third amended complaint (ECF No. 64-1);

**IT IS FURTHER RECOMMENDED** that the Count III equal protection claim be **DISMISSED**;

**IT IS FURTHER RECOMMENDED** that Burns's Count I failure to protect claim **PROCEED** against Defendants Sandoval, Clark, Gittere, Byrne, Underwood, Hammel, Romero, and Hollingsworth;

**IT IS FURTHER RECOMMENDED** that Burns's Count II retaliation claim **PROCEED** against Defendants Sandoval, Clark, Gittere, Byrne, Underwood, Hammel, Romero, Hollingsworth, and Travis; and

**IT IS FURTHER RECOMMENDED** that Burns's motion for leave to file a second amended complaint (ECF No. 51), and second request for leave to file a third amended complaint (ECF No. 65) be **DENIED** as moot.

**DATED**: March 20, 2020

UNITED STATES MAGISTRATE JUDGE