UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| DAVID BURNS, | Case No. 3:18-cv-00086-MMD-CLB |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| TASHEENA SANDOVAL, *et al.*, | |
| Defendants. | |

**I.  SUMMARY**

*Pro se* Plaintiff David Burns, who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), brings this action under 42 U.S.C. § 1983. (ECF No. 86.) Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Carla L. Baldwin (ECF No. 120), recommending the Court grant Defendants' motion for summary judgment (ECF No. 105 ("Motion")), deny Plaintiff's pending motions (ECF Nos. 103, 104, 111), and direct entry of judgment in Defendants' favor. Plaintiff filed an objection to the R&R. (ECF No. 121 ("Objection").)[1] Because the Court agrees with Judge Baldwin's analysis of the Motion, is not persuaded by the arguments Plaintiff raises in his Objection—and as further explained below—the Court will adopt the R&R in full, grant Defendants' Motion, and deny Plaintiff's pending motions.

**II.  BACKGROUND**

The Court incorporates by reference Judge Baldwin's recitation of the factual background of this case provided in the R&R, which the Court adopts. (ECF No. 120 at 1-3.) Judge Baldwin first recommends granting Defendants' Motion as to certain Defendants

---

[1]Defendants filed a response to Plaintiff's Objection. (ECF No. 122.)

for lack of personal participation. (*Id.* at 6-7.) Judge Baldwin noted that Plaintiff argued an applicable NDOC policy stated that housing decisions would be made by a committee, so he named the Defendants the policy suggested would have made the housing decision he challenges as members of that committee, but credited Defendants' sworn declarations that no such committee actually existed. (*Id.*) Judge Baldwin found the evidence established that only Defendant Sandoval and Hammel were involved in moving Plaintiff, and noted that Plaintiff did not proffer any contrary evidence. (*Id.*) Judge Baldwin next recommends the Court grant Defendants' Motion as to Plaintiff's claims against Defendants Sandoval and Hammel for failure to exhaust administrative remedies. (*Id.* at 7-9.) Judge Baldwin found Defendants proffered sufficient evidence that Plaintiff did not appeal any of his grievances past the informal stage, and Plaintiff did not come forward with sufficient evidence to rebut Defendants' evidence, or to establish that administrative remedies were effectively unavailable to him. (*Id.* at 8-9.) Finally, Judge Baldwin recommends Plaintiff's cross-motion for summary judgment be denied because she recommends Defendant's Motion be granted, and recommends Plaintiff's remaining motions be denied as moot for the same reason. (*Id.* at 9.)

**III.    LEGAL STANDARD**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* The Court's review is thus de novo because Plaintiff filed his Objection. (ECF No. 121.)

**IV.    DISCUSSION**

The Court agrees with Judge Baldwin's analysis in the R&R, and nothing in Plaintiff's Objection convinces the Court it should reject any portion of the R&R. Plaintiff makes two arguments in his Objection that he also made in opposition to Defendants' Motion. (ECF Nos. 111 at 5-6, 6-7, 121 at 2-6.) Neither is persuasive.

Plaintiff first reiterates his argument that all of the Defendants he named must have participated in the decision to move him because an NDOC policy lists the people on the housing committee by position, and he named the people who held those positions at the time as Defendants. (ECF No. 121 at 2-4.) However, the Court agrees with Judge Baldwin that this argument does not contradict Defendants' sworn declarations establishing that, despite the policy, only Sandoval and Hammel made the decision to move Plaintiff. (ECF No. 120 at 6-7.) The Court understands Plaintiff's apparent frustration with Defendants' admission they were not following their own policy, but Plaintiff does not point to any evidence beyond the policy that anyone besides Sandoval and Hammel made the decision to move him. Thus, there is no material dispute of fact. The Court overrules this portion of Plaintiff's Objection.

Plaintiff next reiterates his argument that administrative remedies were effectively unavailable to him because NDOC policy required him to appeal to Sandoval, but he did not want to because she was the main subject of his grievance, so he expected she would be biased against him in addressing his appeal. (ECF No. 121 at 4-6.) This argument is reasonable on one level, and self-defeating on another. It is reasonable because Sandoval may not be receptive to a grievance about herself. But it is self-defeating because Plaintiff admits he did not appeal his informal grievances as NDOC policy required him to do. Plaintiff therefore concedes he did not exhaust his administrative remedies. As Judge Baldwin notes in the R&R, exhaustion is mandatory. (ECF No. 120 at 8 (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)).) And as Plaintiff concedes he did not exhaust, the Court also overrules this portion of Plaintiff's Objection.

The Court will therefore overrule Plaintiff's Objection, and accept and adopt the R&R in full.

**V.   CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before

1  the Court.

2  It is therefore ordered that Plaintiff's objection (ECF No. 121) to the Report and
3  Recommendation of U.S. Magistrate Judge Carla L. Baldwin is overruled. The Report and
4  Recommendation of U.S. Magistrate Carla L. Baldwin (ECF No. 120) is accepted and
5  adopted in full.

6  It is further ordered that Defendants' motion for summary judgment (ECF No. 105)
7  is granted.

8  It is further ordered that Plaintiff's cross-motion for summary judgment (ECF No.
9  111) is denied.

10  It is further ordered that Plaintiff's motion for an adjudication as to liability (ECF No.
11  104) is denied as moot.

12  It is further ordered that Plaintiff's motion for a temporary restraining order (ECF
13  No. 103) is denied as moot.

14  The Clerk of Court is directed to enter judgment accordingly and close this case.

15  DATED THIS 1st Day of March 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE